E. JANICE AUGERI *v.* PLANNING AND ZONING COMMISSION OF THE CITY OF MIDDLETOWN ET AL.
(7479)

DALY, FOTI and JACOBSON, Js.

---

Argued April 5—decision released June 5, 1989

*Gerald L. Garlick,* with whom, on the brief, was *H. David Leventhal,* for the appellant (plaintiff).

*Trina A. Solecki,* city attorney, for the appellee (named defendant).

*John H. Hanks,* for the appellee (defendant Thaddeus Bysiewicz).

JACOBSON, J. This is an appeal from a decision of the trial court, *Higgins, J.,* denying the plaintiff's motion to open the judgment of the trial court, *R. O'Connell, J.,* dismissing the plaintiff's appeal. We find error.

The following facts are relevant to the appeal. On September 21, 1987, the plaintiff, owner of real property in Middletown, filed an appeal from a decision of the planning and zoning commission approving a subdivision application for property abutting the plaintiff's. The citation named the defendant planning and zon-

ing commission (commission) and directed the sheriff to serve the town clerk with a copy of the summons and complaint. The citation failed to cite the chairman or clerk of the commission. In addition, the sheriff's return was not attached to the appeal documents returned to the court. The original sheriff's return was eventually filed on November 23, 1987.

The defendant property owner, Thaddeus Bysiewicz, moved to dismiss the appeal on November 13, 1987. In his motion papers, he argued that the citation failed to name the chairman or clerk of the commission as required by General Statutes § 8-8,[1] which constituted a jurisdictional defect mandating dismissal. He also noted, but did not specifically argue, that the court file did not contain the sheriff's return. On November 20, 1987, the trial court, *Budney, J.*, scheduled argument on the motion to dismiss for November 23, 1987, on the short calendar.

At the short calendar hearing, Bysiewicz argued that the motion should be granted because the plaintiff had

[1] General Statutes (Rev. to 1987) § 8-8 provides in pertinent part: "(a) Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court.

"(b) Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

failed to cite the proper parties, and because the sheriff's return had not been attached to the appeal documents. Although Bysiewicz' supporting motion documents argued only that the appeal should be dismissed because of the alleged citation deficiencies, the oral argument focused on the perceived inadequacy of the return of process. The court then set a schedule for briefs on the issue of whether the appeal should be dismissed because the appeal documents returned to court failed to include the sheriff's return.[2]

Following the hearing, Bysiewicz filed a supplemental memorandum in support of the motion to dismiss,

---

[2] During the hearing, the following exchange between John H. Hanks, counsel for the defendant Bysiewicz, and Jule A. Crawford, the plaintiff's counsel, took place:

"Mr. Hanks: I would be happy to file a brief by tomorrow of this new narrow issue which the judge points out. Also, you're required to file a brief within five days.

"The Court: Why don't you both file a brief on that narrow issue . . . . The question is where are you when you haven't filed the return of service with the complaint? Are you out or are you in?

"Ms. Crawford: Your honor, just on that last point that Mr. Hanks brought up that I was to file a memorandum in opposition to his motion to dismiss within five days of being in court, we would have been in court, I believe, next Monday had—

"The Court: Don't worry about that, that's not a problem.

"Mr. Hanks: That's a very minor point.

"Ms. Crawford: All right. And the other thing is, I was told—

"The Court: I can waive that and we will get around. This was put on as a write-in to get you onto the briefing schedule.

"Ms. Crawford: Your honor, when would this brief on the point be due?

"The Court: The brief on the motion to dismiss, what do you want, two weeks? . . .

"Ms. Crawford: Your honor, I would appreciate two weeks.

"The Court: All right, let's make it two weeks, on or before December 7 and then let's make the briefing schedule, which I've been asked to take up. Let's see, if I get it December 7, give me about ten days to make a decision. . . .

"So we're going to get briefs by December 7 on that issue of what happens when you don't attach the return of service to the complaint . . . . "

which argued both grounds for dismissal.[3] The plaintiff filed a memorandum in opposition to the motion to dismiss on December 7, 1987, addressing both arguments propounded by Bysiewicz. By filing the memorandum on that date, the plaintiff complied with the briefing schedule arranged by the trial court on November 23.

Argument on the motion was postponed. On February 16, 1988, Bysiewicz filed another supporting memorandum, this time alleging that the plaintiff had failed to comply with the requirements of Practice Book § 143 because she did not timely file a memorandum in opposition to his motion to dismiss, filed on November 13, 1987.[4] The plaintiff filed her memorandum in opposi-

[3] This supplemental memorandum was filed on December 4, 1987, three days after the Supreme Court released its decision in *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987), aff'd on rehearing, *Simko* v. *Zoning Board of Appeals*, 206 Conn. 374, 538 A.2d 202 (1988) (en banc).

[4] Practice Book § 142 provides: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance. . . . [T]he motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion, unless the court otherwise directs."

Practice Book § 143 provides: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

The defendant Bysiewicz' memorandum followed the release of our decision on February 9, 1988, in *Burton* v. *Planning Commission*, 13 Conn. App. 400, 536 A.2d 995, cert. denied, 208 Conn. 802, 545 A.2d 1100 (1988), aff'd, 209 Conn. 609, 553 A.2d 161 (1989), where we held that the timely filing of a memorandum of law in opposition to a motion to dismiss pursuant to Practice Book § 143 is mandatory.

tion to this motion on March 9, 1988, addressing the alleged defects in the citation as well as Bysiewicz's argument that the appeal should be dismissed because the plaintiff failed to file her motion in opposition in a timely manner.

Argument on the motion to dismiss was heard on March 14, 1988, before *R. O'Connell, J.* Each of the three grounds for dismissal advanced by Bysiewicz was argued before the court, although the majority of the hearing was confined to the issue concerning the defects in the citation. After the hearing, decision was reserved and rendered sometime later. The court granted the motion without comment.

The plaintiff petitioned this court for certification to appeal, which was denied on April 7, 1988. She thereafter filed a motion to open the judgment of dismissal, as provided by Public Acts 1988, No. 88-79,[5] which became effective on April 20, 1988. After a hearing, the trial court, *Higgins, J.,* denied the motion. The memorandum of decision stated: "The plaintiff alleges that the court (*R. O'Connell, J.*) dismissed this appeal on the basis of the Supreme Court's *Simko* decisions. The court finds that the appeal was dismissed for the failure to file a memorandum of law in opposition to

[5] Public Acts 1988, No. 88-79, § 3 (b) provides: "If any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987, has failed to be tried on its merits because the appeal has been dismissed by the superior court for want of jurisdiction due to the failure of the party taking such appeal to name the clerk of the municipality as a party to the appeal in the appeal citation, the party taking such appeal may, within ninety days after the effective date of this act, petition the court to reopen such appeal. Notwithstanding the provisions of section 52-212a of the general statutes, such party shall have the right to have such appeal reopened unless the court finds that (1) there has been a substantial infringement of property rights or (2) the judgment of the superior court has been appealed and a final judgment has been rendered on that appeal."

the motion to dismiss five days before the motion was to be heard at short calendar . . . . In the present case, the motion to dismiss was scheduled for short calendar on November 23, 1987. The plaintiff filed a memorandum of law in opposition to Bysiewicz' motion to dismiss on December 7, 1987, 14 days after short calendar. Since the *Simko* legislation, section 3 (b) of Public Acts 1988, No. 88-79, addresses only *Simko* defects, it is found that this curative legislation is not applicable in this case. The said motion to open is denied." We granted the plaintiff certification to appeal from the judgment of the trial court denying her petition to open the judgment of dismissal of her appeal.

The plaintiff claims[6] that the court erred in denying her motion after determining that the trial court had dismissed her appeal for failing to file timely a memorandum in opposition to the defendant's motion to dismiss. We agree.

Our review, on an appeal taken from a denial of a motion to open a judgment, seeks to determine whether the trial court acted unreasonably and in clear abuse of discretion. *Yanow* v. *Teal Industries, Inc.*, 196 Conn. 579, 583, 494 A.2d 573 (1985); *Crozier* v. *Zaboori*, 14 Conn. App. 457, 461, 541 A.2d 531 (1988). The same standard of review applies to those motions to open brought under the common law and those, as in the case here, brought pursuant to a statute. *Manchester State Bank* v. *Reale*, 172 Conn. 520, 523–24, 375 A.2d 1009 (1979). In deciding whether the trial court abused its discretion, "the ultimate issue is whether the trial court could reasonably conclude as it did. *E. M. Loew's Enter-*

---

[6] The defendant Bysiewicz argues that this court lacks subject matter jurisdiction to entertain the appeal because the trial court, *Higgins, J.*, lacked jurisdiction. This argument is fallacious. Our court has jurisdiction to determine whether a trial court had jurisdiction. See *Drake* v. *Planning & Zoning Commission*, 14 Conn. App. 583, 541 A.2d 1251 (1988) (en banc).

*prises, Inc.* v. *Surabian,* 146 Conn. 608, 612, 153 A.2d
463 [1959]." *State* v. *Bitting,* 162 Conn. 1, 11, 291 A.2d
240 (1971).

Given the facts presented by the plaintiff, which are
supported in the record and uncontested in the defend-
ants' appellate briefs, we hold that the trial court erred
when it ruled that the original trial court dismissed the
plaintiff's zoning appeal because the plaintiff had failed
to file timely her memorandum in opposition to Bysie-
wicz' motion to dismiss. By scheduling the short calen-
dar hearing three days after the November 20, 1987
briefing schedule, the court effectively precluded the
plaintiff from meeting the time requirements in Prac-
tice Book § 143. Further, the transcript clearly indi-
cates that the court waived the requirement by setting
a briefing schedule on the matter. Therefore, the trial
court's decision denying the plaintiff's motion to open
was made in error.

On remand, the trial court should consider whether
the appeal properly could have been dismissed for the
plaintiff's failure to attach the sheriff's return to the
appeal documents. A determination of that issue would
logically precede consideration of the plaintiff's motion
to open based on Public Acts 1988, No. 88-79, and sub-
sequent case law interpreting that statute.

There is error, the judgment is set aside and the case
is remanded for further proceedings consistent with
this opinion.

In this opinion the other judges concurred.