E. JANICE AUGERI *v.* PLANNING AND ZONING COM-
MISSION OF THE CITY OF MIDDLETOWN ET AL.
(8869)

DUPONT, C. J., O'CONNELL and LANDAU, Js.

Argued November 5, 1990—decision released February 26, 1991

*Gerald L. Garlick,* for the appellant (plaintiff).

*Trina A. Solecki,* city attorney, for the appellee (named defendant).

*John H. Hanks,* for the appellee (defendant Thaddeus P. Bysiewicz).

LANDAU, J. The parties previously appeared before this court in *Augeri* v. *Planning & Zoning Commission,* 18 Conn. App. 722, 560 A.2d 985 (1989). That case determined that the plaintiff's motion to open should not have been denied and the case was remanded to the trial court to consider whether the trial court originally should have dismissed the appeal from the planning and zoning commission (commission) for the plaintiff's failure to attach the sheriff's return to the appeal documents. On remand, the trial court found that the plaintiff's appeal should not have been dismissed. Thereafter, the trial court held a hearing on the plaintiff's petition to open, filed on August 30, 1989, and based on Public Acts 1988, No. 88-79.[1] The trial court

---

[1] Public Acts 1988, No. 88-79, §§ 3 (b) and 4, provide: "If any appeal of a decision of a zoning commission, planning commission, planning and zoning commission or zoning board of appeals taken on or after October 1, 1985 and prior to December 1, 1987, has failed to be tried on its merits because the appeal has been dismissed by the superior court for want of jurisdiction due to the failure of the party taking such appeal to name the clerk of the municipality as a party to the appeal in the appeal citation, the party taking such appeal may, within ninety days after the effective date of this act, petition the court to reopen such appeal. Notwithstanding the provisions of section 52-212a of the general statutes, such party shall have the right to have such appeal reopened unless the court finds that (1) there has

denied the plaintiff's petition finding that the defendant Thaddeus Bysiewicz[2] had obtained approval for a five lot subdivision conditioned on his providing public water and sewer service to each lot. On the basis of Bysiewicz' expenditure of "thousands of dollars in connection with the construction and supplying of water and sewer service" to his approved subdivision, the court determined that opening the original judgment on the plaintiff's appeal from the commission's approval would substantially infringe upon Bysiewicz' property rights in contravention of Public Acts 1988, No. 88-79.

The plaintiff appeals claiming that the trial court (1) misinterpreted the phrase "a substantial infringement of property rights" in denying the plaintiff's petition to open under § 3 (b) of No. 88-79 of the 1988 Public Acts, (2) failed to explain, in its memorandum of decision, the basis of its finding that Bysiewicz' expenditures were "substantial," (3) improperly held that the applicable time period in which Bysiewicz could have relied on the prior dismissal of this action was between April 7 and June 10, 1988, and (4) improperly granted Bysiewicz' motion for a protective order prohibiting the plaintiff from deposing him. We disagree with the plaintiff and affirm the decision of the trial court.

I

This action arises out of Public Acts 1988, No. 88-79, which amended General Statutes (Rev. to 1987)

been a substantial infringement of property rights or (2) the judgment of the superior court has been appealed and a final judgment has been rendered on that appeal.

"Sec. 4. This action shall take effect from its passage.

"Approved April 20, 1988."

[2] The defendant Bysiewicz is the owner of the subject property and originally submitted the application for approval of the subdivision that is the underlying subject of this appeal. Pursuant to General Statutes § 8-8, his motion to intervene was granted.

§ 8-8 (b)[3] in response to the line of cases stemming from *Simko* v. *Zoning Board of Appeals (Simko I)*, 205 Conn. 413, 533 A.2d 879 (1987). Section 3 (b) of Public Act No. 88-79 specifically addressed and redressed those appeals taken on or after October 1, 1985, and prior to December 1, 1987, that failed to be tried on their merits due to dismissals for failure to name the town clerk as a party to the appeal. This act allowed parties in those cases ninety days after the effective date of the act to open the judgments of dismissal and further provided, in pertinent part, that the party petitioning to reopen an appeal "shall have the right to have such reopened unless the court finds that (1) there has been a substantial infringement of property rights . . . ." The statute does not define the phrase a substantial infringement of property rights.

The plaintiff asserts that this phrase is unambiguous and therefore urges us to adopt a constitutional definition. The defendants, however, prompt this court to find that the meaning of this phrase is ambiguous and unclear and thus requires us to consider the legislative intent behind the act. We agree with the defendants.

" 'Although it is axiomatic that, where the statutory language is clear and unambiguous, construction of the statute by reference to its history and purpose is unnecessary; *Manchester* v. *Manchester Police Union*,

[3] General Statutes (Rev. to 1989) § 8-8 (b) was further amended by Public Acts 1989, No. 89-356. Section 1 (c) of that act is presently General Statutes § 8-8 (e).

"Service of legal process for an appeal under this section shall be directed to a proper officer and shall be made by leaving a true and attested copy of the process with, or at the usual place of abode of, the chairman or clerk of the board, and by leaving a true and attested copy with the clerk of the municipality. Service on the chairman or clerk of the board and on the clerk of the municipality shall be for the purpose of providing legal notice of the appeal to the board and shall not thereby make the chairman or clerk of the board or the clerk of the municipality a necessary party to the appeal."

3 Conn. App. 1, 6, 484 A.2d 455 (1984); that axiom only applies in full force "[w]here . . . the language of a statute is . . . *absolutely* clear" on its face and where no ambiguity is disclosed by reference to its background. (Emphasis in original.) *Anderson* v. *Ludgin,* 175 Conn. 545, 552–54, 400 A.2d 712 (1978).' " *Dugas* v. *Lumbermens Mutual Casualty Co.,* 22 Conn. App. 27, 33, 576 A.2d 165 (1990). " 'A word or statute is ambiguous when capable of being interpreted by reasonably well-informed persons in either of two or more senses.' " *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 554, 494 A.2d 564 (1985) (*Healey, J.,* dissenting), citing *Vernon* v. *Waukesha County,* 99 Wis. 2d 472, 477, 299 N.W.2d 593 (1980), aff'd, 102 Wis. 2d 686, 307 N.W.2d 227 (1981); 73 Am. Jur. 2d, Statutes § 258 (1974). The phrase "a substantial infringement of property rights" is susceptible to two different meanings. One is the constitutional definition describing a situation in which a property's value is destroyed or nullified or by which the owner's right to its use or enjoyment is to a substantial degree abridged or destroyed. This definition historically applies in situations involving state action. There is also the alternative possibility that the words mean that there must have been an expenditure of a significant sum of money spent in reliance on *Simko I.*

Because this phrase is ambiguous, we must turn for guidance to the legislative history and the purpose the statute is to serve. *State* v. *Mattioli,* 210 Conn. 573, 576, 556 A.2d 584 (1989). The legislative history reveals that both the House and the Senate held discussions on the meaning of "a substantial infringement of property rights . . . ." In these discussions, a substantial infringement of property rights was described as occurring when subsequent action that involved the investing of "significant sums of money" had been taken in good faith reliance on the *Simko I* decision. 31 S. Proc.,

Pt. 4, 1988 Sess., p. 1129, remarks of Senator Steven Spellman. This review also reveals that the existence of such an infringement is to be determined on a case by case basis by the court; 31 H.R. Proc., Pt. 4, 1988 Sess., p. 1354, remarks of Representative Richard D. Tulisano; and that this legislation specifically sought to address "an economic detriment." 31 H.R. Proc., Pt. 4, 1988 Sess., p. 1355, remarks of Representative William J. Cibes, Jr.

Therefore, the existence of "a substantial infringement of property rights" is to be established by the court on a case by case basis with the court evaluating the equities of each case in light of the parties' reliance on the *Simko I* decision. The trial court, upon finding that the defendant had spent thousands of dollars in reliance on the approval of the subdivision, properly concluded that the reopening of the plaintiff's appeal would constitute "a substantial infringement" of Bysiewicz' property rights.

On appeal, it is the function of this court, when legal conclusions are challenged, to determine whether the decision of the trial court was legally and logically correct. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). A review of the record reveals that the findings of the trial court were legally and logically correct.

## II

In her second claim, the plaintiff argues that, even if the "substantial infringement of property rights" exception was applicable, there is an insufficient basis in the trial court's memorandum of decision to support its finding that the money expended by Bysiewicz was "substantial."

The trial court stated in its memorandum of decision that "[b]etween April 7, 1988, and June 10, 1988, the defendant Thaddeus P. Bysiewicz, acting in good faith,

expended thousands of dollars in connection with the construction and supplying of water and sewer service to his five lot subdivision on Ridgewood Road, Middletown, Connecticut." In particular, the plaintiff takes issue with the amount of money that constitutes "thousands" of dollars.

"[W]hen a party seeks a further articulation of the factual basis of the trial court's decision or the inclusion in the memorandum of decision of the trial court's rulings on claims of law properly presented, he should file a motion with the trial court under Practice Book § [4051] setting forth the specific factual issues he seeks to have resolved and the claims of law he seeks to have included." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 222 n.5. The plaintiff in this case failed to file a motion for further articulation with the trial court. It is the responsibility of the appellant to provide an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven,* 189 Conn. 671, 681, 458 A.2d 362 (1983). " '[U]nder normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied' " especially when the appellant herself claims that the trial court is unclear. *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 376–77, 528 A.2d 786 (1987), citing *Carpenter* v. *Carpenter,* 188 Conn. 736, 739 n.9, 453 A.2d 1151 (1982). Therefore, we will not consider the plaintiff's second claim.

The plaintiff also claims that the court improperly determined the length of time during which Bysiewicz could have relied on the prior dismissal of the action. In essence, the plaintiff claims that, regardless of the time period used, the court had no basis on which to determine when Bysiewicz made his expenditures, and, therefore, the court could not calculate what amount would constitute a substantial infringement of property rights. Because the plaintiff has failed to seek artic-

ulation as to the basis for the court's finding that the defendant's expenditures were substantial, we need not consider the plaintiff's third claim.

## III

In her final claim, the plaintiff asserts that the trial court improperly denied her the opportunity to depose Bysiewicz. On August 18, 1989, the plaintiff filed a notice of deposition of Bysiewicz to be taken on August 29, 1989. On August 24, 1989, Bysiewicz filed a motion for protective order preventing the plaintiff from taking his deposition. In response, the plaintiff filed an objection to Bysiewicz' motion. No ruling on this motion was made, other than its being assigned to another judge.[4] The plaintiff therefore argues that the court in effect granted Bysiewicz' motion for a protective order. This case must be decided on the record. *State* v. *Gilnite,* 202 Conn. 369, 379, 521 A.2d 547 (1987). The record presented is devoid of a ruling on Bysiewicz' motion for a protective order and this court cannot review a nonexistent ruling.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] It is possible that there might have been some implicit understanding reached between the court and the parties. Immediately prior to the hearing on the plaintiff's petition to open pursuant to Public Acts 1988, No. 88-79, the court stated:

"The Court: . . . You'll [the plaintiff] still have—you'll still have an opportunity later on, if you choose to, to take depositions. Depending on how this thing goes, later on downstream, but I can't imagine there [is] anything that would be of great surprise or unusual to you as to the type of evidence that he's going to put on.

"Mr. Hanks: If I may, most of the evidence will concern extending twelve hundred feet of sewer line.

"The Court: Well, all right, call your first witness then."

This exchange was subsequent to a colloquy between the attorney for the plaintiff and the court concerning the protective order. The plaintiff's attorney never pressed the court for a ruling on the protective order or the objection.