KAREN G. DEFUR *v.* PATRICK DEFUR
(13134)

O'CONNELL, LANDAU and SPEAR, Js.

Argued February 10—decision released April 4, 1995

*Edward J. Dolan,* with whom, on the brief, was *Kent Harvey,* for the appellant (plaintiff).

*Francis M. Glynn,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from the judgment of the trial court modifying one of the financial orders entered as part of the judgment that dissolved their marriage on March 27, 1992.

Whether the financial order in question was a modifiable order of child support or part of the nonmodifiable property settlement is at issue. Also at issue is the amount the trial court found as the arrearage in the defendant's payment of this order. A third issue on appeal concerns the propriety of the trial court's determination of the justification for the defendant's reduction in income. We decline review of these issues because we were not presented with an adequate record.

Each of these issues requires a finding of facts by the trial court. Directly on point are this court's decisions in *Gorneault* v. *Gorneault,* 34 Conn. App. 923, 924–25, 642 A.2d 735, cert. denied, 231 Conn. 911, 648 A.2d 152 (1994), and *Thoracic & Cardiovascular Associates of New Haven, P.C.* v. *Sartell,* 34 Conn. App. 909, 909–10, 641 A.2d 831 (1994), both of which held: "The plaintiff has failed to present either a written memorandum of decision or a transcribed copy of an oral decision signed by the court, stating its decision on the issues in the case and, if there were factual findings, the factual basis for its decision. The plaintiff, as appel-

lant, has the responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven*, 189 Conn. 671, 681, 458 A.2d 362 (1983); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Connecticut Bank & Trust Co., N.A.* v. *Linsky*, 32 Conn. App. 13, 15, 627 A.2d 954 (1993); *Augeri* v. *Planning & Zoning Commission*, 24 Conn. App. 172, 178, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991). 'This court recently noted that we cannot render a decision without first having "specific findings of fact to determine the basis of the court's ruling." *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993).' *Gelormino* v. *Blaustein*, 31 Conn. App. 750, 751, 626 A.2d 1325 (1993). We have consistently stated that it is the responsibility of the appellant to provide an adequate record for review and we see no reason to depart from that rule."

In *Gallant* v. *Esposito*, 36 Conn. App. 794, 799, 654 A.2d 380 (1995), we discussed in further detail the reasons why we must decline review when we are not furnished with an adequate record for review and noted that " '[u]nder normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' *J. M. Lynne Co.* v. *Geraghty*, 204 Conn. 361, 376–77, 528 A.2d 786 (1987); C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 4.1 (a)."

The judgment is affirmed.