## BARRY COHEN *v.* ALLENE COHEN
## (14926)

O'Connell, Foti and Landau, Js.

Submitted on briefs December 14, 1995—officially released April 23, 1996

*H. Owen Chace* filed a brief for the appellant (plaintiff).

*George R. Temple* filed a brief for the appellee (defendant).

LANDAU, J. This appeal arises from an action for dissolution of marriage. On September 28, 1993, the parties stipulated that their marriage had broken down irretrievably. The parties submitted a lengthy and comprehensive written separation agreement that covered, inter alia, child support for their two minor children. On that date, the trial court dissolved the marriage. After an appropriate canvassing of the parties, the agreement, which required the plaintiff to pay child support of $500 per week, was accepted by the court and incorporated into the judgment. No appeal was taken from the judgment of dissolution.

On July, 8, 1994, on a motion by the defendant, the plaintiff was found to be in contempt of court for failure to pay child support in accordance with the judgment. Consequently, the plaintiff agreed to pay the defendant $750 per week; a sum comprised of $500 for child support and $250 toward the arrearage. On November 28, 1994, the defendant filed a second motion for contempt alleging nonpayment of child support. Following a hearing on that motion, the trial court issued new financial orders.[1] On June 1, 1995, the trial court denied the plaintiff's amended "motion to reopen the judgment and for [retroactive] modification of child support." The plaintiff has appealed from the denial of that motion.

---

[1] The trial court did not make a finding of contempt on the defendant's second motion.

On appeal, the plaintiff claims that the trial court, at the time of the dissolution, did not have subject matter jurisdiction to render orders regarding child support. He argues that, although the parties privately agreed to the amount of child support that the plaintiff was to pay, the trial court failed to consider, or make reference to, the child support guidelines as required under General Statutes § 46b-215b (a).[2] The plaintiff asserts that the court's failure to comply with the statute constituted an abuse of authority that has resulted in an ongoing manifest injustice. Although the plaintiff does not challenge the court's jurisdiction to hear the dissolution itself, he seeks to have the judgment opened and to have retroactive child support orders issued in accordance with the guidelines.

The plaintiff's collateral attack on the validity of the September, 1993 judgment of dissolution is framed as a challenge to the subject matter jurisdiction of the court. As we have consistently recognized, "[a] lack of subject matter jurisdiction can be raised at any time and cannot be waived by either party. . . . If a judgment is rendered without jurisdiction to do so, it may be opened and modified at any time. . . . The parties to an action cannot confer subject matter jurisdiction on the court by their consent, silence, waiver or private agreement." (Citations omitted.) *Arseniadis* v. *Arseniadis*, 2 Conn. App. 239, 242, 477 A.2d 152 (1984).[3]

---

[2] General Statutes § 46b-215b (a) provides in pertinent part: "The child support . . . guidelines . . . shall be considered in all determinations of child support amounts . . . ."

[3] The plaintiff also argues that the entire settlement agreement is manifestly unfair because, at the time it was drafted, the plaintiff appeared pro se while the defendant was represented by an attorney. There is no merit to this argument. Although we are solicitous of the rights of pro se litigants; *Connecticut Light & Power Co.* v. *Kluczinsky*, 171 Conn. 516, 519, 370 A.2d 1306 (1976); "[s]uch a litigant is bound by the same rules . . . and procedure as those qualified to practice law." *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 394, 449 A.2d 1026 (1982).

Because the plaintiff is not precluded from later asserting a lack of subject matter jurisdiction, the first issue we must decide is whether the trial court had jurisdiction to render the judgment of dissolution, pursuant to a written agreement of the parties, that included a child support order rendered in the absence of any reference to the guidelines.

"Litigation about whether subject matter jurisdiction exists should take into account whether the litigation is a collateral or direct attack on the judgment, whether the parties consented to the jurisdiction originally, the age of the original judgment, whether the parties had an opportunity originally to contest jurisdiction, the prevention of a miscarriage of justice, whether the subject matter is so far beyond the jurisdiction of the court as to constitute an abuse of authority, and the desirability of the finality of judgments." Id., 243–44.

In *Arseniadis*, we sustained the challenge to the trial court's subject matter jurisdiction to issue support orders in a dissolution action. In doing so, however, we emphasized that the appeal was "a direct attack on the judgment [of dissolution] made [less than one month] after the judgment was rendered. Such an attack is more likely to be sustained than if such were not the case." Id., 244. Here, the plaintiff's challenge to the court's jurisdiction is not only collateral in nature, but it is made nearly two years after the judgment of dissolution was rendered. Furthermore, since the date of the dissolution, the plaintiff has been held in contempt, has entered into an agreement to purge that contempt, and was heard on a motion for modification. Thus, the plaintiff's reliance on *Arseniadis* is misplaced.

We disagree with the plaintiff's claim that the trial court lacked subject matter jurisdiction. At the time of the dissolution, General Statutes (Rev. to 1993) § 46b-

provided that "[m]atters within the jurisdiction of the superior court . . . shall be matters affecting or involving: (1) Dissolution of marriage . . . (4) alimony, support . . . incident to dissolution of marriage. . . ." The court, therefore, had "competence to entertain the action before it"; *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); which was a complaint for dissolution coupled with a request for declaratory judgment and other relief.

Whatever irregularities there may have been in the procedure regarding the trial court's judgment and child support orders, they do not rise to the level of a defect in subject matter jurisdiction. "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Lesser irregularities do not make a final judgment void." (Citation omitted.) Id. The trial court had subject matter jurisdiction to render the judgment of dissolution and the plaintiff has not offered us any authority to support his jurisdictional claim.[4] The plaintiff's collateral attack on the judgment of dissolution, therefore, cannot be sustained.

We cannot, however, end our inquiry at this point. There remain nonjurisdictional issues that must be addressed regarding the plaintiff's challenge to the trial court's denial of his motions for reargument, articulation and reconsideration filed on June 13, 1995, his

---

[1] The plaintiff relies on *Favrow* v. *Vargas*, 231 Conn. 1, 647 A.2d 731 (1994), to support his argument that the trial court is mandated to make a specific finding on the record of the amount of child support required by the guidelines. *Favrow*, however, was not decided until after the dissolution in this case and we will not apply *Favrow* retroactively in these circumstances. See *Draper* v. *Draper*, 40 Conn. App. 570, 672 A.2d 522 (1996). Moreover, we will not read *Favrow* so as to deprive the trial court of subject matter jurisdiction inasmuch as the *Favrow* court remanded the case for a new hearing in accordance with that opinion rather than entering a dismissal. The plaintiff's reliance on *McHugh* v. *McHugh*, 27 Conn. App. 724, 609 A.2d 250 (1992), is misplaced for the same reasons.

motion to open the judgment and for retroactive modification of child support filed on January 17, 1995, and his motion to vacate filed on January 25, 1995.

Each of the allegations in the plaintiff's motions is grounded on a factual basis requiring a finding of fact by the trial court. Practice Book § 4061 explicitly mandates that it is the responsibility of the appellant to provide us with an adequate record for review. The record here does not contain a written memorandum of decision, nor has a transcript containing a statement of the trial court's finding of facts and conclusions of law been filed. Although the plaintiff did seek articulation of the trial court's decision pursuant to Practice Book § 4051, upon the court's denial, he failed to seek review of that denial by this court pursuant to Practice Book § 4054.[5]

The plaintiff "was not absolved of the requirement of . . . seeking appropriate review in this court, where such review was necessary to create an adequate record for our review of his claim[s]. Without an adequate record on which to review the findings of the trial court, this court must assume that the trial court acted properly." (Internal quotation marks omitted.) *Plati* v. *United Parcel Service*, 33 Conn. App. 490, 495, 636 A.2d 395 (1994).

Even if we wanted to review the plaintiff's claims on the basis of the transcript of the proceedings in which the court denied the plaintiff's motions, we could not do so because the transcript has not been filed or, apparently, ordered. The trial court limited itself to written notations on the motions. We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. "Our role

---

[5] *Practice Book* § 4054 provides in pertinent part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051, may . . . make a written motion for review . . . and [this] court may . . . direct any action it deems proper."

is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Citations omitted; internal quotation marks omitted.) *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992).

The judgment is affirmed.

In this opinion the other judges concurred.