## PEGGY J. WESTFALL *v.* ROBERT M. WESTFALL
### (AC 15400)

Lavery, Landau and Hennessy, Js.

Submitted on briefs June 10—officially released August 12, 1997

*Ronald Petosa* filed a brief for the appellant (plaintiff).

*John P. Febbroriello* filed a brief for the appellee (defendant).

LANDAU, J. The plaintiff, Peggy J. Westfall, appeals from the judgment of the trial court denying her motion for contempt and modifying, sua sponte, the original judgment of dissolution. On appeal, the plaintiff claims that the trial court improperly (1) denied her motion for contempt and (2) modified the order requiring the defendant, Robert M. Westfall, to maintain a $100,000 insurance policy for the benefit of the plaintiff and the minor child when no such motion was pending before the court. The judgment of the trial court is affirmed in part and reversed in part.

The following facts are pertinent to this appeal. The parties' marriage was dissolved on December 8, 1993. The judgment provided, inter alia, that the defendant maintain a life insurance policy in the amount of $100,000, naming the plaintiff and the parties' son as irrevocable beneficiaries. The order further provided that the defendant was responsible for certain debts and would hold the plaintiff harmless from those debts. On February 6, 1995, the plaintiff filed a motion for contempt, alleging that the defendant failed to comply with those orders. In addition, the plaintiff filed a motion to modify the order of support. On October 23, 1995, the trial court denied the plaintiff's motion for contempt and further ordered that "[the] defendant shall continue to maintain life insurance for the benefit of the minor children through employment as available in the amount of $20,000." No motion for articulation of the court's decision on the plaintiff's motion for contempt was filed.[1]

I

The plaintiff first claims that the trial court improperly denied her motion for contempt. The plaintiff

---

[1] The plaintiff did, however, move for an articulation of the trial court's decision on her motion for modification, but that motion for articulation

claims that there was sufficient competent evidence for the trial court to conclude that the defendant had not complied with the court orders.

The trial court limited its orders to written notations on the motions. We, therefore, are left to surmise or speculate as to the existence of a factual predicate for the trial court's rulings. "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative. . . . *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992)." (Internal quotation marks omitted.) *Cohen* v. *Cohen*, 41 Conn. App. 163, 168–69, 674 A.2d 869 (1996).

" 'The plaintiff, as appellant, has the responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven*, 189 Conn. 671, 681, 458 A.2d 362 (1983); *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Connecticut Bank & Trust Co., N.A.* v. *Linsky*, 32 Conn. App. 13, 15, 627 A.2d 954 (1993); *Augeri* v. *Planning & Zoning Commission*, 24 Conn. App. 172, 178, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991).' " *deFur* v. *deFur*, 37 Conn. App. 450, 451–52, 656 A.2d 703 (1995). The plaintiff did not file a notice pursuant to Practice Book § 4059 (b)[2] or a motion for articulation of this ruling

did not request an articulation of the trial court's decision on the motion for contempt.

[2] Practice Book § 4059 (b) provides: "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by paragraph (a), the appellant may file with the appellate clerk a notice that the decision has not been so filed in compliance with paragraph (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk

pursuant to Practice Book § 4051. Therefore, in the absence of an adequate record, we decline to review the contempt issue.

II

The plaintiff claims that the trial court improperly modified the order requiring the defendant to maintain a $100,000 insurance policy for the benefit of the plaintiff and her minor child when no such motion was pending before the court.[3] The plaintiff filed a motion seeking a modification of support. At a hearing on October 23, 1995, the trial court heard testimony as to this claim and granted the plaintiff's motion for modification of child support payments. No motion for modification was filed by the defendant nor was any evidence offered as to a modification of the insurance order. So far as appears from the motions filed and the hearing, the trial court heard the plaintiff's motion for modification on the basis of a need and ability for greater support.

"Facts proved but not averred cannot be made the basis of a recovery." *Kane* v. *Kane*, 120 Conn. 184, 189, 180 A. 308 (1935). " 'A judgment cannot be founded on a finding of facts not in issue, although they may have been shown in evidence to which no proper objection was taken.' " *Modern Home Utilities, Inc.* v. *Garrity*, 121 Conn. 651, 654, 186 A. 639 (1936), quoting *New Idea Pattern Co.* v. *Whelan*, 75 Conn. 455, 458, 53 A. 953 (1903). "[W]hen a court has approved the provisions of

shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with paragraph (a)."

Since a contempt finding is a case covered by paragraph (a), the plaintiff should have filed notice to compel compliance with paragraph (a), because compliance with paragraph (a) is essential to providing an adequate record for appellate review.

[3] It does not appear that a memorandum of decision on the motion for contempt would shed any light on the power of the trial court to modify sua sponte the life insurance order and, therefore, noncompliance with Practice Book § 4059 and § 4061 does not bar our review of this question.

a dissolution decree agreed upon by the parties, the court cannot modify or augment those provisions without following the requirements of due process." *Costello* v. *Costello*, 186 Conn. 773, 777, 443 A.2d 1282 (1982); see also *Guss* v. *Guss*, 1 Conn. App. 356, 361, 472 A.2d 790 (1984) (trial court cannot on its own initiative modify alimony or child support orders); *Grobstein* v. *Grobstein*, 14 Conn. Sup. 378, 379 (1946) ("[n]o decrees concerning alimony, support or custody of children in an action for divorce can be vacated or modified by the mere act of the parties, but only upon application duly made to this court and then only upon consideration warranting such action").

It is axiomatic that if facts are neither proved nor averred, a recovery may not be based on this failure. While evidence was admitted in support of the plaintiff's motion for contempt regarding the defendant's failure to provide $100,000 of life insurance, neither the plaintiff nor the defendant was aware that such evidence would be the basis for a modification of the amount of life insurance. As to this part of the judgment, the action of the trial court is improper.

The judgment is reversed only as to the modification of the insurance order, and the case is remanded with direction to render judgment reinstating the order requiring the defendant to maintain $100,000 in life insurance for the benefit of the plaintiff and the minor child.

In this opinion the other judges concurred.