[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS # 144
On November 21, 1997, the plaintiff, John Duncan, filed a CT Page 9537 seventy-nine count third revised complaint against the defendants, Junior Achievement, Inc. (National), a/k/a Junior Achievement of Western Connecticut, Inc. (JAWCI),[1] Bryan J. Huebner, Dr. George R. Dunbar, Peter G. Dahl, Victor Gellineau and Phyllis Gustafson (the individual defendants). The plaintiff alleges that he was hired by the defendants on or about December 2, 1991 and discharged on January 17, 1995. The allegations relevant here are that the plaintiff's discharge violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (counts one through six) and General Statutes § 46a-60
(counts fifteen through twenty).
The individual defendants filed a motion to dismiss counts two through six and sixteen through twenty for lack of subject matter jurisdiction on the ground that the ADEA and § 46a-60
apply only to an employer, and do not create personal liability on the part of an agent of the employer. The plaintiff filed an objection to the individual defendants' motion to dismiss, arguing that although the ADEA does not create personal liability on the part of an agent of an employer, the individual defendants were doing business as Junior Achievement of Western Connecticut, Inc., whose corporate identity had been forfeited in 1987, and therefore the individual defendants should be held individually liable. The matter was heard by the court on May 11, 1998.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp. , 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997). "[S]ubject matter jurisdiction can be raised at any time." Cohen v. Cohen,41 Conn. App. 163, 165, 674 A.2d 869 (1996). "[O]nce the question of lack of jurisdiction is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. C SBall Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
The individual defendants argue that only their employer, JAWCI, can be charged with violations under the ADEA.[2] The CT Page 9538 individual defendants contend that even if the corporate status of JAWCI was forfeited, the law does not provide that corporate liability devolves upon whichever members of the board of directors the plaintiff chooses to sue, because a de facto corporation remains in existence and may be properly sued. The individual defendants further argue that as with the claims made pursuant to the ADEA, the plaintiff's state law age discrimination claims do not allow a suit against an individual corporate agent where the proper defendant is a corporate employer.[3] The individual defendants also argue that the plaintiff cannot sue them as a means of piercing the corporate veil since the corporation was a non-stock non-profit corporation, and since they did not control or dominate the corporation.
The plaintiff does not dispute the individual defendants' contention that a viable corporation would qualify as an "employer" under the federal and state statutes. Rather, the plaintiff argues that the lack of viable corporate status for JAWCI for a period of almost ten years means that the individual defendants were engaged in a partnership which created joint and several liability for the individual defendants. The plaintiff contends that the individual defendants' liability vested upon the lapsing of the statutory three-year period for reinstatement pursuant to General Statutes § 33-388,[4] repealed and replaced by 1994 Public Acts No. 94-186,[5] and § 33-497, repealed and replaced by 1995 Public Acts No. 95-252 § 16, which provides in pertinent part: "Subsection (a) of section 33-497 of the general statutes is repealed and the following is substituted in lieu thereof: (a) At any time [within three years] after dissolution, otherwise than by decree of court in any proceeding, a corporation may be reinstated as provided in this section." Section 16 of the act took effect on October 1, 1995. General Statutes § 33-497 formerly provided for the reinstatement of a non-stock corporation at any time within three years after dissolution. The new version dropped the three year limitation language for non-stock corporations.
In Karp v. American Legion Department of Connecticut, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 462879 (June 18, 1996) (Handy, J.) (17 CONN. L. RPTR. 206, 208), the court held that the American Legion Post #68 (Post) had been a corporation at all relevant times and therefore, it was unnecessary to examine whether it was ever a de facto corporation. In Karp, the plaintiff alleged that the Post's CT Page 9539 corporate status was administratively dissolved in 1971 as a result of its failure to file biannual reports, and that the Post was never legally reincorporated until October 2, 1995. As a result, the plaintiff alleged, the Post was an unincorporated association at the time of the plaintiff's injury on September 24, 1992, making the members personally liable. The defendants argued that the Post operated as a de facto corporation during the period of its administrative dissolution, and upon its reinstatement on October 2, 1995, the corporate status was retroactive to the date it lapsed in 1971. The court concluded Public Act 95-252 § 16 "confers continuous corporate status to a dissolved corporation reinstated subsequent to October 1, 1995. Therefore, since this court has found the Post was reinstated on October 2, 1995, this court also finds that the Post's corporate status was effective on the date of the plaintiff's injuries. There is no need to find the Post operated as a de facto corporation." Id.
Here, JAWCI's non-stock corporate status lapsed in 1987 and was restored in December of 1996. (Affidavit of Bryan J. Huebner In Support of Motion To Dismiss, ¶ 6; Certificate of Good Standing, December 11, 1996; Certificate of Reinstatement of a Dissolved Corporation — Nonstock Corporation). Nevertheless, JAWCI was a viable corporation at the time of the plaintiff's termination, because its non-stock corporate status was restored pursuant to General Statutes § 33-497, as amended by Public Acts No. 95-252 § 16, subsequent to October 1, 1995. Therefore, because § 33-497 applies to JAWCI as a non-stock corporation, its corporate status was retroactive from the date of the December 1996 filing. As a result, the individual defendants are not personally liable for the corporation's actions as the plaintiff's employer.
Accordingly, because the individual defendants are not "employers" under either the federal or state statute, the individual defendants' motion to dismiss counts two through six and sixteen through twenty of the third revised complaint are granted.
DAVID W. SKOLNICK, JUDGE