[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CORRECT ARBITRATION AWARD # 101 MOTION TO VACATE ARBITRATION AWARD # 102
 FACTS
The parties to these suits, the Town of Stratford (town) and the International Federation of Professional and Technical Employees, Local 134 (union), participated in arbitration pursuant to a collective bargaining agreement. The arbitration was requested by the union to decide a grievance of a union member who was terminated for failing to take a random drug test. A hearing was held before a panel of the State Board of Mediation and Arbitration on March 8, 1998. A majority of the three-person panel determined that the town did not have just cause to terminate the grievant and that the grievant should be returned to work upon his successful completion of a return to duty test. The majority also concluded that the grievant's absence from work should be treated as an indefinite suspension, and that no back pay or benefits should be awarded.
The union filed a motion to correct pursuant to General Statutes § 52-419 on the ground that because the arbitrators found that the grievant was unjustly terminated, the award should have included relief which would make him whole. The union argues that the panel imperfectly executed its powers, and considered matters not properly presented to it. In a separate but related suit, the town filed a motion to vacate the award pursuant to General Statutes § 52-418, on the ground that the panel CT Page 10918 ignored the town's posthearing brief because it was erroneously filed past a set date, and that the panel misapplied federal and municipal department of transportation regulations.
On August 7, 1998, the town filed an objection to the union's application to correct the award. Among the objections raised by the town is that the union failed to apply to correct the award within thirty days from when it was issued, pursuant to General Statutes § 52-420(b), and therefore, the court lacks subject matter jurisdiction over the union's claims.
 DISCUSSION
Subject matter Jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). Subject matter jurisdiction can be raised at any time. Cohen v. Cohen, 41 Conn. App. 163, 165,674 A.2d 869 (1996). Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case. Figueroa v. C S Ball Bearing,supra, 237 Conn.
No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion. General Statutes § 52-420(b). "A proceeding to vacate an arbitration award is not a civil action, but is rather a special statutory proceeding. As a special statutory proceeding, it is not controlled by the formal requirements for service of process. Section 52-420(b) requires that a motion to vacate an arbitration award be filed within thirty days of the notice of the award to the moving party. If the motion is not filed within the thirty day time limit, the trial court does not have subject matter jurisdiction over the motion." (Citations omitted; internal quotation marks omitted.)Middlesex Ins. Co. v. Castellano, 225 Conn. 339, 344, 623 A.2d 55
(1993). The town argues that the award was mailed on June 11, 1998, and therefore the July 17, 1998 application to correct is CT Page 10919 untimely. It should be noted that under this reasoning, the town's motion to vacate the award, filed on July 15, 1998, is also outside of the thirty day limit.
Unlike notices which issue from a court, which by legislative fiat date from the time when such notice is issued by the clerk the thirty day time period within which to vacate an arbitration award dates from the time notice of the arbitration award is received by the party moving to vacate the award. See NewHampshire Ins. Co. v. DuBoys, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320928 (May 23, 1995) (Levin, J.). This is evident from the wording of General Statutes § 52-420(b) which provides that the "No motion to vacate or correct . . . may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion." That the statute contemplates that the date of notice of the award to the moving party may be different from the date of notice to the opposing party confirms that it is the date of thereceipt of the award by the moving party which commences the running of the thirty day time limit. Id.
Neither party has submitted evidence indicating when theyreceived notice of the award. Therefore, it is not possible for the court to determine whether it has subject matter jurisdiction over the parties' applications to vacate or correct the award. When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses on those issues.Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503
(1983). Accordingly, that the court will provide the parties with the opportunity to present evidence concerning when each received notice of the panel's decision in order to determine whether the court has subject matter jurisdiction over both the union's application to correct and the town's application to vacate.
The parties are therefore instructed to agree on a mutually acceptable date and schedule such hearing with my clerk on any Monday afternoon within the next two weeks. Failure to schedule such hearing as requested shall constitute a waiver of the claims made by both parties.
MELVILLE, JUDGE CT Page 10920