[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (DOCKET ENTRY NO. 159)
On November 21, 1997, the plaintiff, John Duncan, filed a seventy-nine count third revised complaint against the defendants, Junior Achievement, Inc. (National), a/k/a and d/b/a Junior Achievement of Western Connecticut, Inc. (JAWCI), Bryan J. Huebner, George R. Dunbar, Peter G. Dahl, Victor Gellineau and Phyllis Gustafson (the individual defendants). The individual defendants are members of the board of directors of JAWCI. The plaintiff alleges that he was hired by the defendants on or about December 2, 1991 and wrongfully discharged on January 17, 1995.
The individual defendants filed a motion to dismiss counts seven, ten through fourteen, sixteen through twenty,[1]
twenty-two through twenty-six, twenty-eight through thirty-two, thirty-four through thirty eight, forty through forty-four, forty-six through fifty, fifty-two through fifty-six, fifty-eight through sixty-two, sixty-four through seventy-three, and seventy-five through seventy-nine for lack of subject matter jurisdiction. The plaintiff has not filed an objection to the individual defendants' motion to dismiss. The matter was heard by the court on September 8, 1998.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A CT Page 11078 ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp. , 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997). "[S]ubject matter jurisdiction can be raised at any time." Cohen v. Cohen,41 Conn. App. 163, 165, 674 A.2d 869 (1996). "[O]nce the question of lack of jurisdiction is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996).
This court previously dismissed counts two through six and sixteen through twenty on the ground that the individual defendants could not be personally liable for the actions of the defendant corporation. The court found that only the proper corporate defendant was the corporation itself, not the individual defendants. (Motion To Dismiss # 144, Memorandum of Decision, Skolnick, J., July 9, 1998). The individual defendants rely on the court's prior ruling to dismiss the remaining counts against them.
"[A] fundamental attribute of the corporate form is that it shields the shareholders, directors and officers from personal liability. . . ." Campisano v. Nardi, 212 Conn. 282, 288,562 A.2d 1 (1989). An exception to this general rule is where there are facts which would allow the court to pierce the corporate veil to allow a shareholder, director or officer to be held personally liable for the acts of the corporation. "The instrumentality rule imposes individual liability for corporate actions upon a shareholder, director, or officer of a corporate entity that is, in economic reality, the instrumentality of the individual. . . . [T]he instrumentality rule requires, in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the CT Page 11079 aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of." (Citations omitted; internal quotation marks omitted.) Id., 291-92.
A further exception to the general personal immunity enjoyed by corporate directors and officers involves instances where the director or officer tortiously interferes with the business of the corporation. "In Connecticut, an agent of a corporation can be held liable for interference if he did not act legitimately within his scope of duty but used the corporate power improperly for personal gain. . . . It has been widely held that a corporate officer or director may be liable for tortiously interfering with a corporate contract if he acts with malice. . . . The underlying principle is that while, as a general rule, the acts of a corporate agent on behalf of the corporation are deemed the corporation's acts, an erstwhile agent of the corporation who is acting in furtherance of his personal interests is not acting on behalf of the corporation." (Citations omitted; internal quotation marks omitted.) Connecticut Financial Network v.Savings Institute, judicial district of Hartford/New Britain at Hartford, Docket No. 548013 (August 7, 1996, Blue, J.).
In each of the remaining counts against the individual defendants, the plaintiff seeks to hold the individual defendants personally liable for the acts of the corporation. However, the plaintiff has failed to plead any facts indicating that any of the exceptions to the general personal immunity rule is applicable. Accordingly, the plaintiff may not sue the individual defendants in their capacities as directors of the defendant corporation, and the individual defendants' motion to dismiss claims for unauthorized disclosure, breach of contract, conversion, non-payment of wages and benefits, unjust enrichment, emotional distress, violation of the Connecticut Unfair Trade Practices Act and 29 U.S.C § 1132 (ERISA) is granted.
For the forgoing reasons, the motion to dismiss counts seven, ten through fourteen, sixteen through twenty, twenty-two through twenty-six, twenty-eight through thirty-two, thirty-four through thirty eight, forty through forty-four, forty-six through fifty, fifty-two through fifty-six, fifty-eight through sixty-two, sixty-four through seventy-three, and seventy-five through seventy-nine for lack of subject matter jurisdiction is granted.
SKOLNICK, J. CT Page 11080