OLENA BOJILA *v.* OLGA SHRAMKO,
ADMINISTRATRIX (ESTATE OF
PETER HLYWA)
(AC 22775)

West, DiPentima and Peters, Js.

Argued September 9—officially released December 16, 2003

*P. Jo Anne Burgh*, with whom was *Irene P. Romanelli*, for the appellant (substitute plaintiff).

*George J. Markley*, with whom, on the brief, was *Alexander Breiner*, for the appellee (defendant).

*Opinion*

WEST, J. The substitute plaintiff, William J. Friedberg, administrator of the estate of Olena Bojila,[1] appeals from the judgment of the trial court, denying the motion that had been filed by Bojila to open the judgment rendered in favor of the defendant, Olga

---

[1] In light of Bojila's death on January 13, 2002, this court on October 3, 2002, substituted Friedberg as the plaintiff.

Shramko, administratrix of the estate of Peter Hlywa.[2] On appeal, the substitute plaintiff claims, pursuant to Practice Book § 19-16, that the court abused its discretion by sustaining the defendant's objection to opening the judgment rendered pursuant to the report of an attorney trial referee (referee). More specifically, the substitute plaintiff claims that the court (1) lacked subject matter jurisdiction to render judgment on October 22, 2001, (2) lacked statutory jurisdiction to render judgment on October 22, 2001, (3) rendered a void judgment,[3] (4) violated Bojila's constitutional right to procedural due process and (5) improperly found that her objection to the referee's report was untimely, conclusory and unaccompanied by transcripts. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On October 19, 2001, Bojila filed an objection to the court's acceptance of an August 19, 2001 referee's report that had been mailed to the parties on October 2, 2001. On October 22, 2001, the court rendered judgment for the defendant pursuant to that report and noted what it perceived to be the absence of an objection to its being rendered.

On November 9, 2001, Bojila filed a motion to open the judgment, claiming that the October 19, 2001 objec-

---

[2] The estate of Peter Hlywa was closed and distributed on August 30, 1996. Prior to distribution, the Probate Court appointed two guardians ad litem to represent the interests of unknown heirs and, specifically, an individual known as "Helen Bojila," the decedent's missing sister. She finally was discovered after the distribution. On August 22, 1997, she filed an appeal from the order of distribution. The attorney trial referee to whom the matter was referred for trial determined that "every reasonable effort had been made to locate unknown and missing heirs," and ultimately recommended dismissal of the appeal pursuant to General Statutes §§ 45a-187 (a) and 45a-132 (c) because the thirty day statute of limitations governing the appeal had expired.

[3] The substitute plaintiff argues that the voidable judgment became void when Bojila filed the motion to open the judgment.

tion had been seasonably filed. On November 21, 2001, the defendant filed an objection to the motion to open the judgment. The court sustained the defendant's objection on December 3, 2001, and indicated that it was then in possession of Bojila's October 19, 2001 objection. The court determined that Bojila's objection was (1) untimely under Practice Book § 19-15 because it was not filed within twenty-one days of the mailing of the referee's report, (2) conclusory because it lacked specific assertions of fact and (3) violative of Practice Book § 19-14 because no transcript of the evidence was filed with the objection.

On December 20, 2001, Bojila filed a motion to reargue, contending that her objection was timely filed. The court denied that motion on January 28, 2002, finding that, irrespective of the timeliness issue, the transcripts were not part of the court file. This appeal followed.

We first note the standard of review of a court's denial of a motion to open a judgment. "[I]n granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of such discretion." (Internal quotation marks omitted.) *Conway* v. *Hartford*, 60 Conn. App. 630, 634, 760 A.2d 974 (2000). "In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." *Carlin Contracting Co.* v. *Dept. of Consumer Protection*, 49 Conn. App. 501, 502–503, 714 A.2d 714 (1998).

I

The substitute plaintiff's first claim is that the court lacked subject matter jurisdiction to render judgment on October 22, 2001. He argues that pursuant to the plain language of Practice Book § 19-16, the court could not have rendered judgment on the referee's report until

October 23, 2001.[4] The substitute plaintiff argues that because of that apparent procedural irregularity, the October 22, 2001 judgment should be vacated. We disagree.

"[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Lawrence Brunoli, Inc.* v. *Branford*, 247 Conn. 407, 410, 722 A.2d 271 (1999). "As we have consistently recognized, [a] lack of subject matter jurisdiction can be raised at any time and cannot be waived by either party." (Internal quotation marks omitted.) *Cohen* v. *Cohen*, 41 Conn. App. 163, 165, 674 A.2d 869 (1996).

"A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Lesser irregularities do not make a final judgment void." (Citation omitted.) *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) *Coppola* v. *Coppola*, 243 Conn. 657, 665, 707 A.2d 281 (1998). Practice Book § 19-16 is designed to allow a party time to file an objection. Here, Bojila filed an objection on October 19, 2001, and the court rendered judgment on October 22, 2001, one day less than the

---

[4] Practice Book § 19-16 provides: "After the expiration of twenty-one days from the mailing of the report, either party may, without written motion, claim the case for the short calendar for judgment on the report of the committee or attorney trial referee, provided, if the parties file a stipulation that no objections will be filed, the case may be so claimed at any time thereafter.

"The court may, on its own motion and with notice thereof, schedule the matter for judgment on the report and/or hearing on any objections thereto, anytime after the expiration of twenty-one days from the mailing of the report to the parties or their counsel by the clerk."

full twenty-one days afforded by Practice Book § 19-16. The court then considered Bojila's objection in its ruling on the motion to open the judgment.

Rendering of judgment one day early under Practice Book § 19-16, but after Bojila's objection was filed, when that objection was duly considered by the court during its review of the motions to open and to reargue, is clearly the type of lesser irregularity that will not strip the court of subject matter jurisdiction. See *Monroe* v. *Monroe*, supra, 177 Conn. 184–85 (absence from case file of signed order of reference mere oversight and lesser irregularity); see also *Cohen* v. *Cohen*, supra, 41 Conn. App. 167 (court's failure to consider statutory guidelines where parties privately agreed to amount of child support not defect in subject matter jurisdiction). Nowhere does the substitute plaintiff contend that Bojila would have filed another objection in addition to, or amending, the objection already filed.

We will address the substitute plaintiff's claim related to the plain language interpretation of Practice Book § 19-16 in greater detail with respect to his argument about statutory jurisdiction.

## II

The substitute plaintiff's second claim is that the court committed plain error by rendering judgment before the expiration of the twenty-one day period set forth in Practice Book § 19-16, thereby exceeding its statutory authority.[5] He construes Practice Book §§ 19-15 and 19-16 together to mean that any rendering of judgment before the expiration of the twenty-one day grace period is, regardless of the circumstances, an

---

[5] The distinction between a court's subject matter jurisdiction and its authority to act pursuant to the terms of a statute is defined clearly in our jurisprudence. See, e.g., *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999); *Rosenfield* v. *Rosenfield*, 61 Conn. App. 112, 116, 762 A.2d 511 (2000).

abuse of the authority granted to the court by those rules.[6] We disagree.

The substitute plaintiff requests plain error review of his claim.[7] "Pursuant to Practice Book § 60-5, [t]he [appellate] court may reverse or modify the decision of the trial court if it determines . . . that the decision is otherwise erroneous in law. The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . . Plain error is restricted to extraordinary situations where the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Ipacs* v. *Cranford*, 65 Conn. App. 441, 446, 783 A.2d 1044 (2001).

"A charge that demonstrates that the trial court has overlooked the applicable statute justifies consideration as plain error." (Internal quotation marks omitted.) Id. We will consider the claim that the plaintiff was prejudiced by the court's failure to follow strictly the language of Practice Book § 19-16, which he contends is mandatory. "The [plaintiff] cannot prevail under [Practice Book § 19-16], however, unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment will result in manifest injustice." (Internal quotation marks omitted.) *Ipacs* v. *Cranford*, supra, 65 Conn. App. 446.

The interpretive construction of the rules of practice is governed by the same principles as those regulating statutory interpretation. *State* v. *Pare*, 253 Conn. 611,

---

[6] Practice Book § 19-15 provides: "Objections to the acceptance of a report shall be filed within twenty-one days after the mailing of the report to the parties or their counsel by the clerk."

[7] The substitute plaintiff concedes that his statutory jurisdiction argument was not raised at trial. He argues that the issue should be considered under the plain error doctrine. See Practice Book § 60-5.

622, 755 A.2d 180 (2000). The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law, and our review, therefore, is plenary. See *Wallingford* v. *Dept. of Public Health*, 262 Conn. 758, 773, 817 A.2d 644 (2003). "[T]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 734, 830 A.2d 228 (2003).

"General Statutes § 52-123 provides that [n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court. . . . It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. . . . Indeed, § 52-123 of the General Statutes protects against just such consequences . . . ." (Citation omitted; internal quotation marks omitted.) *Boyles* v. *Preston*, 68 Conn. App. 596, 603, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002). "[C]ommon sense must be used in statutory interpretation, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation

marks omitted.) *Southington* v. *Commercial Union Ins. Co.*, 71 Conn. App. 715, 731, 805 A.2d 76 (2002).

The official commentary to the 2000 amendment to Practice Book § 19-15 provides in relevant part: "The amendments to this section . . . increase the time to file objections to twenty-one days to allow parties more time to review the report and formulate objections. The time period will run from mailing rather than filing to ensure that recipients have the full benefit of the allotted time period." The official commentary to the 2000 amendment to Practice Book § 19-16 provides in relevant part: "The time period was changed to twenty-one days to conform with the amendment to Section 19-15 . . . ."

There is no magic in the twenty-one days specified in Practice Book §§ 19-15 and 19-16, and we are not convinced that it requires strict compliance in all circumstances. "In determining whether a statute is mandatory or merely directory, the most satisfactory and conclusive test is whether the prescribed mode of action is of the essence of the thing to be accomplished or, in other words, whether it relates to matter of substance or to matter of convenience." (Internal quotation marks omitted.) *Donohue* v. *Zoning Board of Appeals*, 155 Conn. 550, 554, 235 A.2d 643 (1967) (concluding that statutory language " '[s]aid board shall decide such appeal within sixty days after the hearing' " not mandatory).

Under the facts of this case, requiring the court to wait a full twenty-one days before rendering judgment is not "of the essence of the thing to be accomplished"; (internal quotation marks omitted) id.; pursuant to Practice Book § 19-16, the purpose of which is to allow all parties enough time to file objections. It is procedural. In a situation in which all objections have been filed, nothing in Practice Book § 19-16 would preclude a court

from rendering judgment one day short of the twenty-one day period. Therefore, the substitute plaintiff's statutory authority argument is without merit.

We conclude that the court's rendering of judgment on October 22, 2001, under the circumstances, was not "so clear and so harmful . . . as to constitute manifest injustice." (Citation omitted; internal quotation marks omitted.) *Ipacs* v. *Cranford*, supra, 65 Conn. App. 449. The judgment was neither void nor voidable.[8]

### III

The substitute plaintiff claims next that the court violated Bojila's right to procedural due process under the fourteenth amendment to the United States constitution and article first, §§ 8 and 10, of the constitution of Connecticut by rendering judgment prematurely, without a hearing, and by subsequently declining to open the judgment. The substitute plaintiff argues that Bojila was entitled to oral argument as of right with respect to the court's sua sponte action in rendering judgment on October 22, 2001, and that rendering judgment without oral argument violated Bojila's right to due process. We disagree.

The substitute plaintiff asks this court to review the due process claim under review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because it was not raised at trial. Under *Golding*, a party "can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if

---

[8] For the reasons previously cited, the substitute plaintiff's third claim also is without merit.

subject to harmless error analysis, the [party] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id.

In this case, the record is adequate to review the claim. The substitute plaintiff also meets *Golding*'s second prong by alleging that the procedural irregularity of rendering judgment on October 22, 2001, and the denial of the opportunity for Bojila to be heard on her objection before judgment was rendered, constitutes a deprivation of procedural due process.

As to *Golding*'s third prong, however, the alleged violation of procedural due process does not clearly exist. The substitute plaintiff argues in his reply brief that oral argument was available as a matter of right without meeting the procedure set forth in Practice Book § 11-18 (a). That simply is inaccurate.[9] Practice Book § 11-18 (a) provides that oral argument shall be a matter of right *only if* the motion has been marked ready and the movant indicates at the bottom of the first page that oral argument is desired. *Davis* v. *Westport*, 61 Conn. App. 834, 839–40, 767 A.2d 1237 (2001).

The substitute plaintiff does not dispute that the October 19, 2001 objection to the acceptance of the referee's report did not include a request for oral argument. Bojila also never informed the court that the matter was ready by calling the short calendar marking telephone line,

---

[9] Practice Book § 11-18 (a) provides in relevant part: "Oral argument is at the discretion of the judicial authority except as to . . . motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. For those motions, oral argument shall be a matter of right, provided

"(1) the motion has been marked ready for adjudication in accordance with the procedure indicated in the notice that accompanies the short calendar on which the motion appears, and

"(2) the movant indicates at the bottom of the first page of the motion or on a reclaim slip that oral argument or testimony is desired . . . ."

as specified in the calendar instructions. Additionally, Bojila's November 9, 2001 motion to open the judgment was not claimed for oral argument. Nowhere on that motion did Bojila argue that she was denied a hearing on the objection to the referee's report.

Lack of diligence in pursuing oral argument cannot serve as a successful due process claim. The substitute plaintiff therefore fails to meet the third prong of *Golding*.

## IV

The substitute plaintiff's final claim is that the court improperly found Bojila's objection to the referee's report to be untimely, conclusory and not accompanied by transcripts. Three arguments are submitted: (1) the October 19, 2001 objection was indeed timely, (2) oral argument would have provided the level of specificity that the court required with respect to the objection and (3) the court was unaware that five volumes of transcript had been filed. For those reasons, the substitute plaintiff argues that the court's judgment of October 22, 2001, and its order sustaining the objection to the motion to open the judgment should be vacated. We disagree.

We begin our analysis of the substitute plaintiff's claim by setting forth the appropriate standard of review. "We have long held that a finding of fact is reversed when it is clearly erroneous. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *DiVito* v. *DiVito*, 77 Conn. App. 124, 133–34, 822 A.2d 294, cert. denied, 264 Conn. 921, 828 A.2d 617 (2003).

Both parties agree that the court was mistaken in its belief that the October 19, 2001 objection was untimely.

The court's December 3, 2001 order sustaining the defendant's objection to the motion to open the judgment, however, cited two additional problems: (1) the October 19, 2001 objection was conclusory without specific assertions of fact and (2) no transcript of the evidence before the referee was attached to the objection as required by Practice Book § 19-14. The court understood in its January 28, 2002 denial of the motion to reargue that the October 19, 2001 objection was indeed timely, but noted that the required transcripts were not part of the court file, as Bojila's attorney could have verified.

Practice Book § 19-14 provides that a party objecting to the acceptance of a referee's report "must file with the party's objections a transcript of the evidence . . . ." The substitute plaintiff argues that the court was not aware that five volumes of transcripts had been filed and that it would be illogical to construe Practice Book § 19-14 to require Bojila to file a second set of transcripts at the time of the filing of the objection.

The fact remains, however, that as of January 28, 2002, the transcripts were still not part of the court file. The obvious purpose of Practice Book § 19-14 is to present the court with the necessary transcripts of evidence to consider a party's objection. Even if we adopt the substitute plaintiff's interpretation of Practice Book § 19-14, we would note that the previously filed transcripts were not part of the court file as late as the court's denial of the motion to reargue on January 28, 2002.

The substitute plaintiff also contends that oral argument would have provided the court with the detail it believed was missing from the October 19, 2001 objection, and cites Practice Book §§ 11-18 (a) and 19-15 as conferring oral argument as a matter of right. As previously discussed, Practice Book § 11-18 (a) pro-

vides a right to oral argument on a motion for judgment on a referee's report, but only if certain procedural conditions are met. In this case, Bojila never marked the case ready or requested oral argument on the front of the October 19, 2001 objection. Practice Book § 19-15 does not directly pertain to oral argument and establishes only a grace period in which objections may be filed against the acceptance of a referee's report. We therefore conclude that the court's findings were not clearly erroneous with respect to the October 19, 2001 objection.

For the foregoing reasons, we hold that the court acted reasonably and well within the bounds of its discretion in sustaining the defendant's objection to the motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.