# NELSON A. BARBER *v.* SUZANNE S. BARBER
## (AC 30658)

DiPentima, Harper and Stoughton, Js.*

Argued February 1—officially released May 11, 2010

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*James Ryan Mulvey,* for the appellant (plaintiff).

*Donald A. Mitchell,* for the appellee (defendant).

*Opinion*

STOUGHTON, J. The plaintiff, Nelson A. Barber, appeals from the denial of his motion to open the judgment rendered in favor of the defendant, Suzanne S. Barber. The parties, who were formerly married, became partners after the dissolution of their marriage and acquired interests in various properties during their partnership. This appeal arises out of proceedings related to the settlement of their partnership account, in which the trial court ordered an accounting to be performed by an auditor, as stipulated by the parties. The court rendered judgment in accordance with a report filed by the auditor, and the plaintiff appeals from the denial of his motion to open that judgment. On appeal, he claims that the court abused its discretion (1) in denying him a hearing on his objection to the report and (2) by indicating that the role of the auditor pursuant to General Statutes § 52-401 was that of a

fact finder tantamount to an arbitrator. We affirm the judgment of the trial court.

Our review of the record discloses the following facts and procedural history. The parties' marriage was dissolved on February 5, 1992. Thereafter, the parties lived together and held themselves out as husband and wife. Following their marital dissolution, but while cohabiting, the parties acquired substantial interests in several real properties as partners. Disagreements arose, and, in June, 2000, the plaintiff initiated an action in which he sought a judgment ascertaining the parties' respective property interests. He alleged that he was entitled to a beneficial interest in the real property located at 70 Hat Shop Hill Road in Bridgewater (Hat Shop Hill). The defendant, by way of a counterclaim, sought, inter alia, a settlement of the partnership account.

After the pleadings had been closed, the parties entered into a stipulation, which was approved by the court, for an accounting of all partnership assets to be conducted in accordance with § 52-401 et seq. by a committee or an auditor to be selected by the parties. The parties thereafter stipulated to the appointment of J. Allen Kosowsky, a certified public accountant, as the auditor to perform the accounting.

On April 26, 2007, Kosowsky conducted a hearing as required by General Statutes § 52-402 in which both the plaintiff and the defendant gave sworn testimony and presented evidence. He also requested that each party submit accountings of the financial affairs of the partnership. Kosowsky then issued a committee report to the court on July 28, 2008, in which he set forth his findings and conclusions concerning the proper distribution of the partnership assets.

In his report, Kosowsky noted that he had examined all of the financial data, sworn testimony and evidence submitted to him. He reported that his findings were

rendered in compliance with § 52-402 and that he used clear and convincing evidence as the standard of proof in reaching his conclusions. Kosowsky stated that although he examined many financial documents, he was presented with no cognizable set of partnership books and records to review. He concluded that the plaintiff, a certified public accountant who had been a chief financial officer of a publicly held company, was the partner responsible for managing the partnership's assets, transactions, financial reporting and tax matters. The plaintiff also was in a position of special trust as to the defendant, acting on her behalf in partnership matters under a power of attorney. Although the plaintiff was responsible for the financial and tax matters concerning the partnership, he did not maintain adequate books or records, nor did he prepare or file any partnership tax returns. At the hearing, the plaintiff disclosed that various partnership assets, including funds related to the sale of real property, had been transferred into two trusts in which he had a financial interest. Despite being directed by Kosowsky to produce all financial documents related to these trusts, the plaintiff failed to do so.

With respect to the parties' real property, Kosowsky concluded specifically that the Hat Shop Hill property was owned outright by the defendant and was not a partnership asset. He reasoned that this property was not contemplated by the parties to be a partnership asset; rather, it was given to the defendant in the context of marriage. He therefore did not include the Hat Shop Hill property as part of the accounting, describing it as the parties' marital residence and thus distinguishing it from the other investment properties at issue. He concluded that two other properties, one in Kent[1] and

---

[1] Although Kosowsky indicated in his report that this property was located in Washington, Connecticut, our review of the record reveals that he was referring to property located in Kent.

the other in Nantucket, Massachusetts, were partnership assets. Finally, Kosowsky attached a summary of the assets that he considered to be subject to the accounting and concluded that the plaintiff owed the defendant $369,322.51.

On September 17, 2008, the defendant filed a motion for judgment on the committee report submitted by Kosowsky. The court granted the defendant's motion for judgment on October 6, 2008, stating that "[n]o objection has been filed to such report [by the plaintiff] . . . . The report is thorough and contains multiple attachments which provide the basis for the accounting." On November 18, 2008, the plaintiff moved to open the judgment on the ground that he had in fact filed an objection to the report. It is undisputed that this objection was sent timely by fax to the court but that it was never entered into the court file.

In his objection to the report, the plaintiff asserted that Kosowsky erroneously had concluded that the Hat Shop Hill property was not a partnership asset and therefore was distinguished from the other investment properties. He argued that the property was never given to the defendant in the context of marriage and was not a marital residence. In support of this claim, the plaintiff referred to the fact that the parties' marriage was dissolved in February, 1992, but the Hat Shop Hill property was not acquired until 1997. He also asserted that the defendant had acknowledged by way of sworn testimony that when the parties had decided to end the partnership, they agreed that the plaintiff would take the Nantucket and Kent properties and that she would take the Hat Shop Hill property.

The court, after hearing oral argument, denied the plaintiff's motion to open the judgment.[2] The unsigned

[2] The record contains no memorandum of decision, nor is there a signed transcript of the oral decision of the trial court. The plaintiff has, however, filed an unsigned transcript containing sufficient detail of the court's findings

transcript reveals that the court considered the objections to the report raised by the plaintiff, determined that Kosowsky—as the trier of fact by the parties' choice—could accept or reject testimony on the basis of his assessment of credibility and found that Kosowsky's conclusions were supported by his findings of fact. This appeal followed.

Section 52-402, in general, provides that when an accounting is ordered by the court, the auditor shall hear the parties and their witnesses and examine the books and, after so hearing, shall adjust the balance due as necessary and report to the court. Our Supreme Court has explained: "Where a partner presents a petition in equity against the other partners, stating that the accounts are unsettled and praying for an account, the usual course for the court is to appoint a committee or auditors before whom the parties can produce their accounts and be heard on oath and who will conduct a minute and patient examination of their claims. . . . After the balance due and to whom it is due is ascertained, a report is made to the court, which has power to accept it or reject it. If the report is accepted, a decree may be entered in favor of the partners who are entitled to it and executions will be issued accordingly, whether the debtors are plaintiffs or defendants in the case." (Citation omitted.) *Weidlich* v. *Weidlich*, 147 Conn. 160, 164, 157 A.2d 910 (1960). It is the function of the court, in acting on the report, to determine whether the auditor materially erred in his rulings "or whether other sufficient reason existed why the report should not be accepted and, if no such reason for rejecting . . . the report existed, to render such judgment as the law required upon the facts in the report." *Berkowitz* v. *Berkowitz*, 150 Conn. 637, 645, 192 A.2d

and decision, which is an adequate record for our review. See *Carrasquillo* v. *Carlson*, 90 Conn. App. 705, 708 n.2, 880 A.2d 904 (2005).

879 (1963). The issue of credibility, however, is for the auditor to determine. See id.

In his motion to open the judgment, the plaintiff asserted, as he argues on appeal, that Kosowsky erroneously concluded that the Hat Shop Hill property was not a partnership asset. He cites the conclusion by Kosowsky that "it was not contemplated by the parties to be a partnership asset. Rather, it was specifically given to [the defendant] in the context of the marriage. . . . As this was the marital residence, it is distinguished from other investment properties that are at issue . . . ." The plaintiff also cites to certain testimony of the parties that allegedly weighs against or contradicts Kosowsky's conclusion.

In an appeal from a denial of a motion to open a judgment, our review is limited to whether the court acted unreasonably and in clear abuse of its discretion. *Bojila* v. *Shramko*, 80 Conn. App. 508, 511, 836 A.2d 1207 (2003). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Spilke* v. *Spilke*, 116 Conn. App. 590, 595, 976 A.2d 69, cert. denied, 294 Conn. 918, 984 A.2d 68 (2009).

As set forth previously, the court heard oral argument on the plaintiff's motion to open the judgment. The plaintiff claims that the court made it clear that the purpose of the hearing was not to argue or to present evidence in connection with the merits of Kosowsky's report but was intended solely to address the motion to open. He contends, therefore, that court abused its discretion in denying him a hearing on his objection to the report.

In granting or denying a motion to open a judgment, the court is required to exercise sound judicial discretion, and its decision will be set aside only for an abuse

of such discretion. *Bojila* v. *Shramko*, supra, 80 Conn. App. 511. Our review of the unsigned transcript reveals that although the court indicated that the parties were there to address only the motion to open, the plaintiff had ample opportunity to argue his objections to the report. The plaintiff was not harmed by the lack of an evidentiary hearing in connection with the report because the court considered the claims he raised at argument on the motion to open and concluded that they were not sufficient to undermine Kosowsky's conclusions.

The plaintiff's claims regarding the Hat Shop Hill property, in essence, amount to an attack on the factual findings and credibility assessments made by Kosowsky. The specific claim that the report was flawed because Kosowsky found that the Hat Shop Hill property was the parties' marital residence requires little discussion. Although this finding may have been incorrect legally, it was descriptive of the parties' situation because they held themselves out to the public as husband and wife. Although "cohabitation alone does not create any contractual relationship or, unlike marriage, impose other legal duties upon the parties"; *Boland* v. *Catalano*, 202 Conn. 333, 339, 521 A.2d 142 (1987); "where the parties have established an unmarried, cohabiting relationship, it is the specific conduct of the parties within that relationship that determines their respective rights and obligations, including the treatment of their individual property." *Herring* v. *Daniels*, 70 Conn. App. 649, 656, 805 A.2d 718 (2002). "Any such finding must be determined by reference to the unique circumstances and arrangements between the parties present in each case. Those matters are questions of fact . . . and can only be determined by evaluating the credibility of the witnesses and weighing conflicting evidence." Id. The significant finding by Kosowsky was not that the property was acquired after the parties

were divorced but, rather, that the property was not contemplated by the parties to be a partnership asset. This finding, according to Kosowsky, was supported by his review of the evidence before him and his credibility determinations, assessments that were well within the scope of his authority as the auditor.

Finally, the plaintiff claims that the court "erred in its indication that the role of the auditor was essentially a fact finder (analogous to an arbitrator), presumably inferring that the court did not have the power to modify or to correct factual errors in the report." The plaintiff never asked the court to modify or to correct alleged factual errors in the auditor's report but, instead, requested that the court refuse to render judgment in accordance with the report. More important, in its oral decision denying the plaintiff's motion to open, the court noted correctly that the role of the auditor in this case was that of a trier of fact.[3] The court went on to explain that because the credibility of the witnesses was for Kosowsky to determine, it would not controvert his findings, not having had the opportunity to judge the credibility of the parties. This is manifestly true of findings of fact, which may be reversed only if clearly erroneous or not supported by the evidence. *Blacker* v. *Crapo*, 112 Conn. App. 795, 805, 964 A.2d 1241, cert. denied, 291 Conn. 915, 970 A.2d 727 (2009). The auditor, "as the sole arbiter of credibility, [was] free to accept

[3] See *Berkowitz* v. *Berkowitz*, supra, 150 Conn. 646 (committee responsible for hearing witnesses, weighing credibility and determining facts in action for accounting); *Spitz* v. *Abrams*, 128 Conn. 121, 122, 20 A.2d 616 (1941) (preferable that auditor's report contain complete recitation of facts); *Ferguson* v. *Cripps*, 87 Conn. 241, 245, 87 A. 792 (1913) ("weight of the evidence is for the committee, and his finding upon the evidence is conclusive upon the parties, and they cannot retry the question to the court"); *Brady* v. *Barnes*, 42 Conn. 512, 517 (1875) ("[w]hen a case has been referred by the court . . . to an auditor, he becomes a statutory tribunal clothed with the power and charged with the duty of hearing all admissible evidence bearing upon the issue raised by the pleadings, of weighing it, and of finding distinctly and explicitly all the facts proven by it").

or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) Id. Kosowsky reported his conclusions to the court after considering the evidence and making his determination as to the credibility of the parties.[4] There was sufficient evidence to support his report, and the court properly accepted and rendered judgment on it. Additionally, the court fully considered the claims made by the plaintiff, and we find no abuse of discretion by the court in denying his motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] In reviewing Kosowsky's credibility determinations, the court explained that he made "no point that is unclear, in any way, when he [said]; as part of the committee report, that he found [the plaintiff] to be not credible . . . . [A]lthough [the plaintiff] was asked on various occasions to give [Kosowsky] certain documents, [the plaintiff] never gave him all of the documents . . . . [This] not only made [his] job harder, but it left [him] without some information, with regard to the decisions [he] had to make."