******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# CHIEF DISCIPLINARY COUNSEL *v.* JOSEPH ELDER
## (AC 43733)

Bright, C. J., and Alvord and DiPentima, Js.

*Syllabus*

The defendant attorney appealed to this court from the judgment of the
trial court reprimanding him for violations of the rules of practice and
the Rules of Professional Conduct in connection with misconduct involv-
ing his IOLTA account. The plaintiff, the Chief Disciplinary Counsel,
filed a presentment alleging the misconduct after a reviewing committee
of the Statewide Grievance Committee found that there was probable
cause that the defendant had violated various provisions of the Rules
of Professional Conduct and the rules of practice. The trial court denied
the defendant's motion to dismiss the presentment complaint on the
grounds that it was untimely because the reviewing committee took more
than ninety days to render its final written decision, in contravention
of the applicable statute (§ 51-90g (c)) and rule of practice (§ 2-35 (i)),
and because the reviewing committee had considered allegations of
misconduct beyond the scope of its probable cause determination. *Held*:
1. The trial court did not err when it refused to dismiss the presentment
complaint due to the reviewing committee's failure to issue a final
written decision within ninety days of its determination of probable
cause; the failure of the reviewing committee to abide by the time frames
established in § 51-90g (c) and Practice Book § 2-35 (i) did not divest
the trial court of subject matter jurisdiction over the disciplinary action,
as § 51-90g (c) and Practice Book § 2-35 (m) provide that the reviewing
committee's untimeliness did not require dismissal of the presentment
complaint.
2. The trial court did nor err when it refused to dismiss the presentment
complaint because the reviewing committee considered allegations out-
side the scope of its probable cause determination; the applicable rule
of practice (§ 2-35 (d) (1)) expressly provides that the disciplinary coun-
sel may add additional allegations of misconduct before the reviewing
committee holds a hearing on the alleged misconduct.

Argued May 25—officially released August 3, 2021

*Procedural History*

Presentment by the plaintiff for alleged professional
misconduct by the defendant, brought to the Superior
Court in the judicial district of Hartford and tried to
the court, *Sheridan, J.*; judgment reprimanding the
defendant, from which the defendant appealed to this
court. *Affirmed*.

*Joseph S. Elder*, self-represented, the appellant
(defendant).

*Leanne M. Larson*, first assistant chief disciplinary
counsel, for the appellee (plaintiff).

*Opinion*

BRIGHT, C. J. The defendant attorney, Joseph Elder, appeals from the judgment of the trial court reprimanding him for violations of the rules of practice and the Rules of Professional Conduct. Specifically, the defendant claims that the court erred in not dismissing the presentment complaint against him because the reviewing committee (1) did not abide by the time frames set forth in General Statutes § 51-90g (c) and Practice Book § 2-35 (i), and (2) improperly considered allegations of misconduct that were filed by the plaintiff, the Chief Disciplinary Counsel, after the reviewing committee had made a probable cause determination. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On November 14, 2014, the Statewide Grievance Committee received an overdraft notice from Webster Bank stating that an interest on lawyers' trust account (IOLTA) account in the defendant's name had posted two transactions for which the account had insufficient funds. The Statewide Grievance Committee then mailed a letter to the defendant, requesting an explanation for the overdraft. The defendant explained that the overdraft had resulted from an attempt to transfer funds *from* his PayPal account *to* his Webster Bank account.[1] After learning that the defendant's IOLTA account was linked to a PayPal account, the Statewide Grievance Committee requested more information about the accounts. The defendant failed to comply with this request, and the overdraft matter was referred to the plaintiff, who filed a grievance on April 22, 2015.

On July 8, 2015, the assigned reviewing committee found probable cause that the defendant had violated Practice Book § 2-27.[2] Thereafter, the plaintiff filed additional allegations of misconduct against the defendant, asserting that he also had violated rules 1.15 (b), (c), (j), and (k) (3), and 8.1 (2) of the Rules of Professional Conduct.[3] On November 3, 2015, the reviewing committee held a hearing on the grievance, and then issued a decision directing that a presentment complaint be filed against the defendant in Superior Court. That presentment complaint was later dismissed and the matter was remanded for a new hearing before the reviewing committee.[4] After a second hearing on February 8, 2017, at which the defendant failed to appear, the reviewing committee again issued a decision directing that a presentment complaint be filed. The plaintiff filed a presentment complaint in the Superior Court on September 28, 2017, alleging that the defendant violated rules 1.15 (b), (c), (j), and (k) (3), and 8.1 (2) of the Rules of Professional Conduct and Practice Book § 2-27.

On May 8, 2018, the defendant filed a motion to dismiss the presentment complaint, claiming that the

reviewing committee had (1) failed to comply with the applicable time limits and (2) improperly considered allegations of misconduct that were beyond the scope of its probable cause determination. The trial court denied the motion, finding that (1) any untimeliness did not deprive the court of subject matter jurisdiction and (2) the defendant's factual allegations were not "grounds for dismissing the presentment complaint . . . ." Following a series of motions to continue,[5] on August 7, 2019, the trial court held a hearing on the presentment complaint. Also on August 7, 2019, the defendant filed a second motion to dismiss, alleging the same claims from his 2018 motion and adding a claim of laches. The trial court denied that motion, finding that the defendant did not have a valid laches claim because he had consented to most of the delays in the proceedings. After the hearing on the presentment complaint, the court issued a memorandum of decision finding that the defendant had violated rules 1.15 (b), (c), (j), (k) (3), and 8.1 (2) of the Rules of Professional Conduct, and Practice Book § 2-27. As a sanction, the court issued a reprimand with the condition that the plaintiff audit "any IOLTA account currently registered to the defendant . . . for a period of one year . . . ." This appeal followed.

I

The defendant first contends that the trial court erred in not dismissing the presentment complaint as untimely because the reviewing committee took more than ninety days to render its final written decision, in contravention of General Statutes § 51-90g (c) and Practice Book § 2-35 (i). We are not persuaded.

We first set forth the applicable standard of review. Because this claim presents a question of law, namely, whether a reviewing committee's failure to comply with the applicable time frames requires dismissal of a presentment complaint, our review is plenary. See *Bojila* v. *Shramko*, 80 Conn. App. 508, 512, 836 A.2d 1207 (2003).

Section 51-90g (c) provides in relevant part: "The subcommittee shall conclude any hearing or hearings and shall render its proposed decision not later than ninety days from the date the panel's determination of probable cause or no probable cause was filed with the State-Wide Grievance Committee. . . ." Similarly, Practice Book § 2-35 (i) provides in relevant part, "[w]ithin ninety days of the date the grievance panel filed its [probable cause] determination . . . the reviewing committee shall render a final written decision . . . ." Practice Book § 2-35 (m), however, expressly states that "[t]he failure of a reviewing committee to complete its action on a [disciplinary] complaint within the period of time provided in this section shall not be cause for dismissal of the complaint." See also *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 672–73, 680 and n.10, 694 A.2d 1218 (1997) (tempo-

ral requirements of General Statutes (Rev. to 1993) § 51-90g (g) and Practice Book (1997) § 27J (i) (now § 2-35 (i)),[6] were discretionary, not mandatory, and failure to comply with those time limits did not deprive trial court of subject matter jurisdiction over attorney disciplinary proceedings). Accordingly, we conclude that the failure of a reviewing committee to abide by the time frames established in § 51-90g (c) and Practice Book § 2-35 (i) does not divest the trial court of subject matter jurisdiction over a disciplinary action. See id.; see also Practice Book § 2-35 (m). Thus, the untimeliness of the defendant's disciplinary proceedings does not require dismissal of the presentment complaint, and the trial court did not err when it refused to dismiss the action.[7]

## II

The defendant next claims that the trial court erred in not dismissing the presentment complaint because the reviewing committee considered allegations outside the scope of the committee's probable cause determination. We disagree.

This claim also presents a question of law, specifically, whether a reviewing committee can consider additional allegations of misconduct after it has already made a probable cause determination, over which our review is plenary.[8] See *Bojila* v. *Shramko*, supra, 80 Conn. App. 512.

Practice Book § 2-35 (d) (1) provides in relevant part that "[d]isciplinary counsel may add additional allegations of misconduct to the grievance panel's determination that probable cause exists in the following circumstances . . . [p]rior to the hearing before the . . . reviewing committee, disciplinary counsel may add additional allegations of misconduct from the record of the grievance complaint or its investigation of the complaint." This is what happened in the present case. After the reviewing committee determined that there was probable cause to find that the defendant had violated Practice Book § 2-27, *but before* the reviewing committee held a hearing on the alleged misconduct, the plaintiff filed additional allegations of misconduct against the defendant. That is expressly allowed by Practice Book § 2-35 (d) (1).[9] Consequently, the reviewing committee's consideration of additional allegations of misconduct against the defendant does not constitute a basis for dismissing the presentment complaint.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant had "intended to fund a $608 PayPal transaction with his credit card, but did not specifically indicate that, and therefore the funds were withdrawn from the bank account linked to the PayPal account, namely the Webster Bank IOLTA account . . . ."

[2] Practice Book § 2-27 (a) provides: "Consistent with the requirement of Rule 1.15 of the Rules of Professional Conduct, each lawyer or law firm shall maintain, separate from the lawyer's or the firm's personal funds, one or more accounts accurately reflecting the status of funds handled by the

lawyer or firm as fiduciary or attorney, and shall not use such funds for any unauthorized purpose.”

[3] Rule 1.15 (b) of the Rules of Professional Conduct provides in relevant part: “A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated . . . .”

Rule 1.15 (c) of the Rules of Professional Conduct provides: “A lawyer may deposit the lawyer's own funds in a client trust account for the sole purposes of paying bank service charges on that account or obtaining a waiver of fees and service charges on the account, but only in an amount necessary for those purposes.”

Rule 1.15 (j) of the Rules of Professional Conduct provides in relevant part: “A lawyer who practices in this jurisdiction shall maintain current financial records as provided in this Rule and shall retain the following records for a period of seven years after termination of the representation:

(1) receipt and disbursement journals containing a record of deposits to and withdrawals from client trust accounts, specifically identifying the date, source, and description of each item deposited, as well as the date, payee and purpose of each disbursement;

(2) ledger records for all client trust accounts showing, for each separate trust client or beneficiary, the source of all funds deposited, the names of all persons for whom the funds are or were held, the amount of such funds, the descriptions and amounts of charges or withdrawals, and the names of all persons or entities to whom such funds were disbursed . . .

(5) copies of bills for legal fees and expenses rendered to clients . . .

(7) the physical or electronic equivalents of all checkbook registers, bank statements, records of deposit, prenumbered canceled checks, and substitute checks provided by a financial institution;

(8) records of all electronic transfers from client trust accounts, including the name of the person authorizing transfer, the date of transfer, the name of the recipient and confirmation from the financial institution of the trust account number from which money was withdrawn and the date and the time the transfer was completed; [and]

(9) copies of monthly trial balances and at least quarterly reconciliations of the client trust accounts maintained by the lawyer . . . .”

Rule 1.15 (k) of the Rules of Professional Conduct provides in relevant part: “With respect to client trust accounts required by this Rule . . . (3) withdrawals shall be made only by check payable to a named payee or by authorized electronic transfer and not to cash.”

Rule 8.1 of the Rules of Professional Conduct provides in relevant part: “An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not . . . (2) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority . . . .”

[4] Shortly after the November 3, 2015 hearing, the defendant filed a motion to dismiss the presentment complaint because the hearing had been held despite his motion for a continuance. The trial court, *Robaina*, *J.*, found that the denial of the defendant's request for a continuance had been unwarranted and granted the defendant's motion to dismiss.

[5] Between June 9, 2017, and August 7, 2019, the parties filed at least seven motions for continuances. The defendant consented to all but one of the plaintiff's motions. For the single motion to which the defendant did not consent, he simply failed to respond. One of the motions for a continuance was filed by the defendant.

[6] General Statutes (Rev. to 1993) § 51-90g and Practice Book (1997) § 27J (i) both establish a four month time limit for resolving an attorney disciplinary proceeding following the filing of a determination of probable cause or no probable cause.

[7] In his principal brief, the defendant makes a passing reference to the doctrine of laches, stating: “A process designed to conclude in an expeditious manner languished. The doctrine of laches suggests itself as the appropriate sanction.” Notably, however, he fails to discuss the trial court's denial of his August 7, 2019 motion to dismiss in which he raised laches as a basis to dismiss the presentment complaint. In denying the motion to dismiss, the trial court rejected the defendant's laches claim because he largely had consented to the delays in the proceedings. To the extent that the defendant is renewing his laches claim on appeal, we conclude that the trial court

properly found that there was no inexcusable delay that prejudiced the defendant because, as the court noted, the defendant largely agreed to the continuances that led to any delay. See *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92, 103, 144 A.3d 530 (2016) (for defense of laches to apply, there must have been inexcusable delay that prejudiced party).

In addition, the defendant's argument that his presentment complaint should have been dismissed because the untimeliness of the disciplinary proceedings prejudiced him by preventing him from applying for reinstatement to the bar after an unrelated suspension is unpersuasive. In *Doe*, our Supreme Court held that claims of prejudice related to an attorney's delayed reinstatement do not go to a trial court's subject matter jurisdiction and thus do not provide a basis for dismissal. *Doe* v. *Statewide Grievance Committee*, supra, 240 Conn. 685 n.11. Instead, allegations of prejudice are properly considered by the court "as part of its oversight responsibilities." Id. Although the trial court did not specifically address this delay, we see no basis to conclude that the defendant was prejudiced by it. As previously explained, the defendant consented to nearly all of the delays in the proceedings and caused many of these delays himself. See footnotes 4 and 5. The defendant also has not challenged the sanction at issue in this proceeding. Lastly, the defendant is no longer barred from practicing law and has not been barred from doing so since our Supreme Court vacated his suspension on May 25, 2017. See *Disciplinary Counsel* v. *Elder*, 325 Conn. 378, 393, 159 A.3d 220 (2017). Given all of this, we cannot conclude that the defendant was prejudiced by the untimeliness of the disciplinary proceedings. We also conclude that the defendant's claim that the delay in the proceedings was attributable to racial prejudice is speculative and thus does not provide a reason to dismiss the presentment complaint.

[8] The plaintiff argues that we should not consider the defendant's second claim because it was not preserved for appeal. We disagree. The defendant's second claim was raised in the proceedings in the trial court, specifically in his motions to dismiss, and the trial court ruled on this claim when, in its June 9, 2018 order, it stated that the defendant's objections "to the facts and circumstances surrounding the findings and recommendations of the [reviewing committee] . . . are not grounds for dismissing the presentment complaint . . . ." Thus, this claim was properly preserved. See Practice Book § 60-5 (this court "shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial").

[9] The defendant argues that his presentment complaint should have been dismissed under Practice Book § 2-35 (d) (2) because that provision bars the addition of new allegations of misconduct unless good cause can be shown and the defendant consents. Section 2-35 (d) (2), however, applies only when the plaintiff seeks to add allegations of misconduct *after* a disciplinary hearing has begun. As previously noted, the additional allegations in the present case were filed *before* the reviewing committee held its hearing. Thus, § 2-35 (d) (2) is irrelevant.